# Ruta Soulios & Stratis LLP

Attorneys and Counselors
211 east 43rd Street, 24th Floor
24th Floor
New York, New York 10017|
(212) 997-4500
Fax (212) 768-0649
www.Lawnynj.com

Joseph A. Ruta*
Steven A. Soulios*
Demetrios K. Stratis+

of counsel
Mitchell lapidus
Jeffrey Jaffe
David engelhardt

*Member of NY & NJ Bar
+Member of NJ & PA Bar

NJ Offices:
101 Town Center Drive
Suite 111
Warren, NJ 07059
(908) 769-4250

10-04 River Road
Fair Lawn, NJ 07410
(201) 794-6200

May 10, 2017

Mr. Eric De Weerd
4 McIntosh Rd.
Hilton Head Island, SC 29926

  Re: **RETAINER AGREEMENT**

Dear Eric:

  We are very pleased that you have asked us to represent you ("Client," "You", or "Your") in connection with the prosecution of claims against Robert and Vasilla Peterson (collectively the "Petersons") and AMS of Hilton Head Realty, LLC ("HH Realty LLC").

  **1. General Terms and Scope of Services**. This retention letter (the "Agreement") sets forth the terms of your retention of Ruta Soulios & Stratis LLP ("RSS LLP") to provide legal services and constitutes an agreement between us. Specifically, you have asked RSS LLP to represent you in connection with the prosecution of claims against the the Petersons and HH Realty LLC for, *inter alia*, dissolution of HH Realty LLC and/or liquidation of your membership interest in HH Realty LLC (the "HH Realty Matter"). The Agreement sets forth our entire agreement for rendering professional services for the HH Realty Matter, and does not govern other matters that we are or may be engaged upon on your behalf.

1

Mr. Eric De Weerd
May 10, 2017

**2. Conditions**. This Agreement will not take effect, and RSS LLP will take no action on Your behalf or have any obligation to provide legal services, until Client returns a signed copy of this Agreement.

**3. Scope of Services**. Client is hiring RSS LLP to represent Client in the HH Realty Matter. The HH Realty Matter will be commenced as an adversary proceeding in connection with your Chapter 11 bankruptcy reorganization to be filed in the District of South Carolina. RSS LLP will represent You until a settlement or judgment is obtained by way of negotiations or arbitration or trial. After judgment RSS LLP will not represent Client on any appeal, or in any proceedings designed to execute on the judgment, without such additional compensation as may be agreed upon in a separate Agreement.

**4. Client**. RSS LLP is representing the Client, Eric De Weerd, only in this matter. It is understood by Client and any third party who may be assisting Client financially, emotionally or otherwise, in this matter, that RSS LLP's duty is to act in the best interest of the Client and RSS LLP cannot share information about Your case with anyone other than you without express permission.

**5. Responsibilities of The Parties**. RSS LLP will provide those legal services reasonably required to represent Client in prosecuting the claims described in paragraph 1. Client agrees to appear, at all legal proceedings (including depositions, hearings including but not limited to trial) when RSS LLP deems it necessary. Client further agrees to generally cooperate fully with RSS LLP in all matters related to the preparation and presentation of Your claims (including but not limited to interrogatories, written discovery, trial preparation, client interviews). Further, while it is impossible to predict the course of a representation, it may be important for RSS LLP to contact Client immediately, or upon short notice, to confer with Client regarding the status of Your case. An inability to do so may result in Your case being prejudiced and detrimentally affect the outcome of the case. Accordingly, Client agrees to keep RSS LLP informed of Your current address, telephone number and whereabouts.

**6. Advanced Cost Deposit.** Client agrees to pay RSS LLP an initial advanced cost deposit of $3,500, to be returned with this signed Agreement. RSS LLP will hold this advanced cost deposit in a trust account. Client hereby authorizes RSS LLP to use the advanced cost deposit to pay the costs and other expenses incurred under this Agreement. When Your advanced cost deposit is exhausted, RSS LLP reserves the right to demand further deposits.  Once a trial date is set, Client agrees to pay all sums then owing, and to deposit the costs RSS LLP estimates will be incurred in preparing for and completing the trial or arbitration, as well as the jury fees, court costs or arbitration fees likely to be assessed. Those sums may exceed the deposit. Client agrees to pay all advanced cost deposits required under this Agreement within 10 days of RSS LLP's demand. Any

2

Mr. Eric De Weerd
May 10, 2017

advanced cost deposit that is unused at the conclusion of RSS LLP's services will be refunded.

**7. Legal Fees and Billing Practices**. RSS LLP will only be compensated for legal services rendered if a recovery is obtained for Client. If no recovery is obtained, Client will be obligated to pay only for costs and expenses, as described in Paragraph 8. The fee to be paid to RSS LLP hereunder will be thirty (30%) percent of the "gross recovery." The term "gross recovery" means the total of all amounts or other consideration received by settlement, arbitration award or judgment, including any award of RSS LLP's fees. The fee will be calculated before the deduction of any costs and expenses as set forth in Paragraph 8, and the costs and expenses will remain the responsibility of Client to be paid from the portion of any amounts received by Client after deduction of the fee. Upon conclusion of the matter, RSS LLP will provide Client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to Client and the method by which the remittance was calculated. In the event of RSS LLP's discharge or withdrawal for cause as provided in Paragraph 10, Client agrees that, upon payment of the settlement, arbitration award or judgment in Your favor in this matter, RSS LLP shall be entitled to be paid by Client a reasonable fee for the legal services provided.

**8. Costs and Expenses**. RSS LLP will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs and expenses paid or owed by Client in connection with this matter, or which have been advanced by RSS LLP on Your behalf and which have not been previously paid or reimbursed to RSS LLP. Costs and expenses commonly include court fees, jury fees, service of process charges, court and deposition reporters' fees, photocopying and reproduction costs, notary fees, long distance telephone charges, messenger and other delivery fees, postage, deposition costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultant, expert witness, professional mediator, arbitrator and/or special master fees and other similar items. Except for the items listed below, costs and expenses will be charged at our cost. Client understands that, as set forth in Paragraph 6, an advanced cost deposit may be required before the expenditure is made by RSS LLP, or RSS LLP may require that Client pay for such expense directly to the vendor or service provider.

    **a. Experts, Consultants, and Investigators**. To aid in the preparation or presentation of Your case, it may become necessary to hire expert witnesses, consultants, or investigators. Client agrees to pay such fees and charges. RSS LLP will select, in consultation with client, any expert witnesses, consultants, etc., and Client will be informed of persons chosen and their charges. Additionally, Client understands that if the matter proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such payment will be entirely the responsibility of Client. If an award of fees and/or costs is sought on Your behalf in this action, Client

3

Mr. Eric De Weerd
May 10, 2017

understands that the amount which the court may order as fees and/or costs is the amount the court believes the party is entitled to recover, and does not determine what fees and/or costs RSS LLP is entitled to charge its clients or that only the fees and/or costs which were allowed were reasonable. Client agrees that, whether or not RSS LLP's fees or costs are awarded by the court in Your case, Client will remain responsible for the payment, in full, of all RSS LLP's fees and costs in accordance with this Agreement. Additionally, Client understands that if Your case proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such award will be entirely the responsibility of Client.

**9.  Billing Statements**. RSS LLP will send Client periodic billing statements for costs and expenses incurred in connection with this matter. Each statement is to be paid in full within 10 days after the date of such statement.

**10. Discharge and Withdrawal**. Client may discharge RSS LLP at any time. RSS LLP may withdraw with Your consent or for good cause. Good cause includes Your breach of this Agreement, refusal to cooperate or to follow RSS LLP's advice on a material matter or any fact or circumstance that would render RSS LLP's continuing representation unlawful or unethical. When RSS LLP's services conclude, all unpaid charges will immediately become due and payable. After services conclude, RSS LLP will, upon Your request, deliver Your file, and property in RSS LLP's possession whether or not Client has paid for all services. Client understands that to the limited extent RSS LLP has paid out of pocket expenses for items, which have not yet been reimbursed by client, RSS LLP must be reimbursed for that particular expense before releasing the item.

RSS LLP will maintain Your file for five (5) years after this matter is concluded. Client may request the file at any time during, upon conclusion of, or after conclusion of, this matter. Five (5) years after the conclusion of this matter, the file may be destroyed without further notice to Client.

**11. Disclaimer of Guarantee and Estimates**. Nothing in this Agreement and nothing in RSS LLP's statements to Client will be construed as a promise or guarantee about the outcome of this matter. RSS LLP makes no such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. RSS LLP's comments about the outcome of this matter are expressions of opinion only. Client acknowledges that RSS LLP has made no promise or guarantees about the outcome.

**12. Negotiability of Fees**. The rates set forth are not set by law, but are negotiable between a RSS LLP and client.

4

Mr. Eric De Weerd
May 10, 2017

**13. Approval Necessary for Settlement**. RSS LLP will not make any settlement or compromise of any nature of any of Your claims without Your prior approval. Client has the absolute right to accept or reject any settlement. Client agrees to seriously consider any settlement offer RSS LLP recommends before making a decision to accept or reject such offer. Client agrees not to make any settlement or compromise of any nature of any of Client's claims without prior notice to RSS LLP.

**14. Limitation of Representation**. RSS LLP represents Client only on the matter described in paragraph 1 – General Terms/Scope of Services. RSS LLP's representation does not include independent or related matters that arise. This agreement does not apply to any other legal matters. If any such matters arise later, RSS LLP and Client will negotiate a separate Agreement to govern such engagement.

**15. Conclusion of Services**. When RSS LLP's services conclude, all previously approved costs and expenses will immediately become due and payable. After RSS LLP's services conclude, upon request, Your file and property will be delivered to Client or Your RSS LLP whether or not Client has paid any fees and/or costs owed to RSS LLP. Client understands that to the limited extent RSS LLP has paid out of pocket expenses for items, which have not yet been reimbursed by Client, RSS LLP must be reimbursed for that particular expense before releasing that item.

**16. Lien.** Client hereby grants RSS LLP a lien on any and all claims or causes of action that are the subject of RSS LLP's representation under this Agreement. RSS LLP's lien will be for any sums owing to RSS LLP for any unpaid costs, or RSS LLPs' fees, at the conclusion of RSS LLP's services. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

**17. Receipt of Proceeds**. All proceeds of Your case shall be deposited into RSS LLP's trust account for disbursement in accordance with the provisions of this Agreement. No disbursement may be made until the settlement/or recovery check has cleared the bank.

**18. Entire Agreement**. This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

**19. Severability in Event of Partial Invalidity**. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**20. Modification by Subsequent Agreement**. This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them.

5

Mr. Eric De Weerd
May 10, 2017

 21.  **No Advice.** We are not advising you with respect to this Agreement because we would have a conflict of interest in doing so. If you wish advice, you should consult independent counsel of your choice.

**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM.**

Dated: May 10, 2017

                Client: ERIC DE WEERD

                _____
                ERIC DE WEERD


                LAW FIRM: RUTA SOULIOS & STRATIS LLP


        By: _____
                STEVEN SOULIOS, PARTNER

6